IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GUY M. DOMAI,<br><br>              Plaintiff,<br><br>v.<br><br>JEFF SHANE,<br><br>            Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT<br><br><br><br>Case No. 2:17-CV-449 TS<br><br>District Judge Ted Stewart |

This matter is before the Court for review of Plaintiff's *pro se* Complaint. Plaintiff filed his Complaint after receiving permission to proceed *in forma pauperis*. Under the *in forma pauperis* statute, the Court shall, at any time, *sua sponte* dismiss a case if the Court determines the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.[1]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[2] When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[3] Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

[2] *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

lawyers.[4]  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[5]

Here, Plaintiff brings a claim under the Family and Medical Leave Act ("FMLA") against Jeff Shane, an employee of American Express, his former employer.  Plaintiff has brought similar claims in this Court in two previous cases.[6]  In both of those cases, Plaintiff named Mr. Shane as a Defendant.[7]  Both previous cases were dismissed on the merits.

Plaintiff's claims here are barred by the doctrine of claim preclusion.  "Under claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action."[8]  "Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."[9]

Here, the two prior suits resulted in a judgment on the merits.  Case No. 2:13-CV-567 TS was dismissed for failure to prosecute[10] and Case No. 2:15-CV-542 CW was dismissed on statute of limitations grounds.[11]  Such dismissals operate as a final judgment on the merits.[12]

---

[4] *Id.* at 1110.

[5] *Id.*

[6] *Domai v. Am. Express*, Case No. 2:13-CV-567 TS; *Domai v. Am. Express*, Case No. 2:15-CV-542 CW.  In addition to these cases, Plaintiff has recently filed a series of new cases based on the same alleged violation of FMLA.

[7] *Domai v. Am. Express*, Case No. 2:13-CV-567 TS, Docket No. 3; *Domai v. American Express*, Case No. 2:15-CV-542 CW, Docket No. 3.

[8] *Campbell v. City of Spencer*, 777 F.3d 1073, 1077 (10th Cir. 2014) (quotation marks omitted).

[9] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

[10] *Domai v. Am. Express*, Case No. 2:13-CV-567 TS, Docket No. 52.

[11] *Domai v. Am. Express*, Case No. 2:15-CV-542 CW, Docket No. 29.

The identity of the parties is the same in both this suit and the previous suits. Finally, the cause of action—violation of FMLA—is the same. Therefore, Plaintiff's action is barred by claim preclusion and must be dismissed.

It is therefore

ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

DATED this 5th day of July, 2017.

BY THE COURT:

Ted Stewart
United States District Judge

---

[12] *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); s*ee also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").